Westlaw.

Not Reported in F.Supp.                                                                        Page 1
Not Reported in F.Supp., 1997 WL 137172 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

**C**
Briefs and Other Related Documents
Colon v. WertE.D.Pa.,1997.Only the Westlaw
citation is currently available.
United States District Court,E.D. Pennsylvania.
Heriberto COLON, Plaintiff,
v.
Officer Gerald WERT, Defendant.
**NO. 96-4494.**

March 21, 1997.

Heriberto Colon, Camp Hill, PA, Pro Se.
William J. Cassidy, Jr., Lancaster, PA, for Gerald
Wert.

*MEMORANDUM*
BUCKWALTER, District Judge.

I. BACKGROUND

**\*1** Plaintiff has filed a *pro se* suit under 42 U.S.C. §
1983 alleging violations of his civil rights as well as
the Eighth Amendment, while he was a prisoner at
the Lancaster County Prison.  He specifically alleges
that the defendant, a Correctional Officer at the
Prison, intentionally "slammed" his cell door into his
chest, aggravating pre-existing neck and back
injuries.

II. DISCUSSION

Summary judgment is appropriate "if the pleadings,
depositions, answers to interrogatories, and
admissions on file, together with the affidavits, if
any, show that there is no genuine issue as to any
material fact and that the moving party is entitled to
judgment as a matter of law."  Fed.R.Civ.P. 56(c).
Summary judgment will be granted "against any
party who fails to make a showing sufficient to
establish the existence of an element essential to [his]
case, and on which [he] will bear the burden of proof
at trial."  Celotex v. Catrett, 477 U.S. 317, 322, 106
S.Ct. 2548, 91 L.Ed.2d 265 (1986).  In reviewing a
summary judgment motion the court must resolve
"all inferences, doubts and issues of credibility
against the moving party." *Smith v. Pittsburgh Gage
& Supply Co.,* 464 F.2d 970, 874 (3rd Cir.1972)
(citing *Addickes v. Kress & Co.,* 394 U.S. 144, 158-

59 (1970)).

In the present case, plaintiff claims that while an
inmate at the Lancaster County Prison he was
subjected to cruel and unusual punishment by the
defendant.  Such punishment, according to plaintiff,
was in violation of his rights under the Eighth
Amendment to the United States Constitution.
Resolving all inferences and issues of credibility in
plaintiff's favor, the use of force, which is, in this
case, the subject of his claim, does not violate the
Eighth Amendment's Cruel and Unusual Punishment
Clause or give rise to a claim under § 1983.  Thus,
defendant's summary judgment motion will be
granted.

Prison officials who "maliciously and sadistically"
use force violate the Eighth Amendment even if the
force used does not inflict serious injury.  *Hudson v.
McMillian,* 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed.2d
156 (1992).  The use of force does not, however,
violate the Eighth Amendment or give rise to a claim
under § 1983 unless it rises above the "de minimis
level of imposition with which the Constitution is not
concerned." *Ingraham v. Wright,* 430 U.S. 651, 674,
97 S.Ct. 1401, 51 L.Ed.2d 711 (1977); *see also
Brown v. Vaughn,* No. 91-2911, 1992 WL 75008 at
\*1-2 (E.D.Pa. Mar.31, 1992); *Fuller v. Bowers,* No.
87-7316, 1989 WL 8078 (E.D.Pa. Jan.31, 1989).
"Not every push or shove, even if it may later seem
unnecessary in the peace of a judge's chambers,
violates a prisoner's constitutional rights."  *Hudson,
503 U.S. at 9* (quoting *Johnson v. Glick,* 481 F.2d
1028, 1033 (2d Cir.), *cert. denied sub nom. John v.
Johnson,* 414 U.S. 1033 (1973)).

**\*2** Conduct which has been held to fall within the de
minimis range and therefore not violative of the
Eighth Amendment includes:  (1) confiscating an
inmates book, punching him in the chest and spitting
on him, *Brown, 1992 WL 75008 at \*1;* (2)
intentionally pulling a chair out from underneath an
inmate which caused cuts and bruises, *Barber v.
Grow,* 929 F.Supp. 820, 822 (E.D.Pa.1996); and (3)
pulling an inmate's hair and ears and smacking the
back of his head, *Lenegan v. Althouse,* No. 87-6820
WL 55243 at \*1 (E.D.Pa. May 26, 1988).  While the
above actions may fall short of conduct expected of a
correctional officer, they do not ordinarily support an
alleged constitutional violation.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 2
Not Reported in F.Supp., 1997 WL 137172 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

The use of force in this case involves procedures in place at the Lancaster County Prison. While prisoners are having meals, their cell doors are closed for security reasons. Three calls are given to indicate meal times. After the third and final call a correctional officer goes to each cell and closes the doors. Those prisoners choosing not to eat are locked within their cells. *See generally* Pls.' Dep. As stated, the court must, on motion for summary judgment, resolve all inferences and issues of credibility in plaintiff's favor. In his deposition the plaintiff described the incident as follows:

Q.... [W]hat conduct on his part led you to believe he was angry?

A. The way he was just, just slamming people's doors without regard and without even answering themself to anybody, just walking real fast down the block and just slamming doors without even, without even looking. Basically that is what he was doing.

Q. He wasn't looking when he was closing the doors?

A. No he was just walking as fast, fast walk, grabbing the door from behind, just slamming it and keeping, keeping going.

Q. His eyes were straight ahead?

A. Yes, sir. It was like a freight train.

...

Q. But is it possible that he was just coming down through and didn't know you were going to be there and at that last instance he saw you, isn't that possible, when he looked at you when you were there and he looked at you?

A. If he was slamming all those doors like I just described without looking, just slamming them without looking, there is a good possibility, I guess, that maybe he didn't even see me and slammed the door. I don't know when he caught me, his eyes met mine, and that was it.

Q. Could have been too late at that point in time maybe because he had already started to close it?

A. It was too late.

Pls.' Dep. 45-47.

Accepting plaintiff's account of the incident as true, defendant is nevertheless entitled to summary judgment. Plaintiff himself concedes that the defendant may not have even seen him standing in the cell door. Thus the record fails to establish that defendant was even intending to use force against the plaintiff. It merely demonstrates that he was performing his duties as a correctional officer by ensuring that the Prison's security precautions were adhered to, albeit carelessly, accepting plaintiff's version.

**\*3** Only that force which is maliciously or sadistically inflicted is actionable. *See Hudson,* 503 U.S. at 9. To give rise to a § 1983 claim the "conduct must establish more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Plaintiff has, on the record before the court, failed to establish that the slamming shut of his cell door by defendant was anything more than a de minimis use of force.

An appropriate order follows.

*ORDER*

AND NOW, this 21st day of March, 1997, it is hereby ORDERED that defendant's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of defendant, Officer Gerald Wert, and against plaintiff, Heriberto Colon.

This case may be marked CLOSED.

E.D.Pa.,1997.
Heriberto Colon v. Officer Gerald Wert
Not Reported in F.Supp., 1997 WL 137172 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:96cv04494 (Docket) (Jun. 20, 1996)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.