

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1994 WL 463400 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

C
Briefs and Other Related Documents
Robinson v. LinkE.D.Pa.,1994.Only the Westlaw citation is currently available.
United States District Court, E.D. Pennsylvania.
Eugene ROBINSON, Plaintiff,
v.
LINK, Ms., Sergeant, et al., Defendants.
**No. CIV. A. 92-4877.**

Aug. 25, 1994.

ROBRENO.

ORDER-MEMORANDUM

**\*1** AND NOW, this 24th day of August 1994, upon consideration of defendants' motion for summary judgment and memorandum of law (Doc. No. 14), plaintiff Eugene Robinson's affidavit in opposition to defendants' motion for summary judgment (Doc. No. 16), and defendants' supplemental memorandum (Doc. No. 17), it is hereby ORDERED that the motion is GRANTED, the Court finding that there is no genuine issue of material fact and that the defendants are entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). The Court's ruling is based upon the following reasons:

1. Plaintiff alleges a violation of the Eighth Amendment to the United States Constitution ("cruel and unusual punishment") based upon the defendants' conduct in depriving plaintiff of breakfast on May 26, 1992. The Court finds that the deprivation was not serious enough to rise to a constitutional violation and that the defendants did not act with deliberate indifference toward plaintiff's nutritional needs. *See* Wilson v. Seiter, 501 U.S. 294, 299-300 (1991); Islam v. Jackson, 782 F.Supp. 1111, 1114 (E.D.Va.1992);

2. Plaintiff alleges that defendants Link and Coates, respectively, used excessive force against him. In Hudson v. McMillian, 112 S.Ct. 995 (1992), the United States Supreme Court recognized that *de minimis* use of force was excluded from the scope of the Eighth Amendment's protection against " 'cruel and unusual punishment' ... provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " *Id.* at 1000 (quoting Whitley v. Albers, 475 U.S. 312, 327 (1986)). Accepting as true plaintiff's version of the facts, including being placed in handcuffs, "pulled" along the corridor by his handcuffs, and hit in the back, and noting that plaintiff suffered no injuries as a result of the confrontation, the Court finds that the force used by Officers Link and Coates, respectively, was minimal, and that it did not rise to the level of a constitutional violation. *See* Collins v. Bopson, 816 F.Supp. 335 (E.D.Pa.1993);

3. Plaintiff alleges that the strip search carried out in the presence of the female officers Crawford and Coates was degrading and humiliating. The Court notes that at the time the incident occurred plaintiff was to be placed in a secure area of the institution where the most troublesome inmates are kept. The Court finds that the strip search itself and the method by which it was conducted was related to the legitimate security needs of the institution. *See* Bell v. Wolfish, 441 U.S. 520, 547 (1979). Moreover, the search occurred during breakfast, a time when male officers were engaged in dining-room-related duty. Given the need to transport plaintiff to a secure area with Court of Appeals of Texas, San Antonio.

4. Plaintiff alleges that defendant Link issued a "bogus" misconduct report and that defendants Crawford and Link apparently allowed this to happen. In the instant case, plaintiff was afforded advanced written notice of the charges, an opportunity to call witnesses [FN1] and to offer evidence at a hearing, and he was supplied with a written statement of the decision which pointed to the evidence relied upon by the fact finder and the reasons for the disciplinary action. The disciplinary decision is also supported by some evidence in the record by way of defendant Link's misconduct report and plaintiff's acknowledgment that the incident occurred, albeit while disagreeing with Officer Link's version. *See* Superintendent v. Hill, 472 U.S. 445, 452 (1985); Defs.' Mot. for Summ. J. exhibit B, attachment 1 (copy of misconduct report filed by Officer Link). The Court, therefore, concludes that plaintiff received all the process he was due. *See* Wolff v. McDonnell, 418 U.S. 539 (1974);

**\*2** 5. Plaintiff's allegations of conspiracy do not create a genuine issue of material fact in that plaintiff has failed to produce any affirmative evidence on this point. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). Moreover, plaintiff has offered no evidence of racial or other invidiously discriminatory

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1994 WL 463400 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**

animus. *See Griffin v. Breckenridge 403 U.S. 88, 102 (1971)*; and

6. Because the Court finds that defendants are entitled to judgment, it has not reached the issue of whether defendants are entitled to qualified immunity.

THEREFORE, it is ORDERED that JUDGMENT be entered in favor of defendant and against plaintiff on all counts of the complaint. The case shall be marked CLOSED.

AND IT IS SO ORDERED.

> FN1. The Court finds that plaintiff did not timely request the presence of witnesses. Therefore, the absence of witnesses did not deprive plaintiff of due process. *See Brooks v. Andolina, 826 F.2d 1266, 1269 (3d Cir.1987)*.

E.D.Pa.,1994.
Robinson v. Link
Not Reported in F.Supp., 1994 WL 463400 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:92cv04877 (Docket) (Aug. 21, 1992)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.