Westlaw.

Not Reported in F.Supp.                                                                                        Page 1
Not Reported in F.Supp., 1992 WL 75008 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**


**C**
Briefs and Other Related Documents
Brown v. VaughnE.D.Pa.,1992.Only the Westlaw
citation is currently available.
    United States District Court, E.D. Pennsylvania.
                    Tony BROWN
                          v.
        Superintendent Donald VAUGHN, et al.
                **Civ. A. No. 91-2911.**


                    March 31, 1992.


Tony Oshea Brown, pro se.
Barry N. Kramer, Office of Attorney General,
Philadelphia, Pa., for defendants.

            *MEMORANDUM AND ORDER*
BUCKWALTER, District Judge.
**\*1** All defendants have filed a motion for summary
judgment to which no reply has been made by
plaintiff. Rather than grant defendants' motion based
upon plaintiff's failure to reply, I have reviewed the
plaintiff's complaint in its entirety, as well as
defendants' motion for summary judgment and the
affidavits attached thereto.

Essentially, the facts of this case, as viewed
following appropriate summary judgment standards,
are as follows:

The plaintiff was an inmate in disciplinary custody
when a defendant, not Vaughn, confiscated his
crossword puzzle book as contraband. In addition,
the defendant Harsomchuck punched him once in the
chest and spit on him, and both Harsomchuck and
Sunderland harassed him. By affidavit attached to
the motion for summary judgment, Harsomchuck and
Sunderland denied those allegations. In addition, the
affidavit of defendant Vaughn is attached by which
he states that he was not involved in and had no
knowledge of the alleged confiscation of the
plaintiff's puzzle book, or of any violence or verbal
harassment. Moreover, the Department of
Corrections Operations Manual attached in part to the
affidavit restricts categories and numbers of non-law
books an inmate in disciplinary custody may have.
This restriction is based primarily on disciplinary
grounds since inmates are confined in disciplinary
custody because they have violated institutional rules
and regulations. The affidavit goes on to state that

such punishment and limitations, correction officials
believe, help to preserve internal order and discipline
and to maintain institutional security.

As far as the seizure of the crossword puzzle book is
concerned, regulations that affect a prisoner's receipt
of publications are valid if reasonably related to
legitimate penological interests. *Thornburgh v.
Abbott,* 109 S.Ct. 1874, 1881 (1989). The decisions
of prison officials relative to the rules and regulations
needed to maintain order and security in a prison are
due considerable deference.

With regard to the allegation that defendant
Harsomchuck struck him on the chest and spit on
him, I quote from an opinion of Judge Cahn of this
court in which the factual situation was that the
defendant had struck plaintiff once in the chest and
threatened him. Judge Cahn said in his opinion:

"Every touching of an inmate by a prison official
does not violate the constitution. *Howell v. Cataldi,*
464 F.2d 272, 282 (3d Cir.1972). 'Not every push or
shove, even if it may later seem unnecessary in the
peace of a judge's chambers, violates a prisoner's
constitutional rights.' *Johnson v. Glick,* 481 F.2d
1028, 1033 (2d Cir.) *cert. denied,* 414 U.S. 1033
(1973). To rise to the level of a constitutional
violation, an inmate's assault claim must establish
conduct more egregious than that adequate to support
a common law tort. *Williams v. Mussomelli,* 722
F.2d 1130, 1133 (3d Cir.1983); see also *Baker v.
McCollan,* 44 U.S. 137, 146 (1979)."

**\*2** The quote from Judge Cahn is reported in *Fuller
v. Bowers,* No. 87-7316, 1989 U.S.Dist. Lexis 832
(E.D.Pa. Jan. 31, 1989).

In another case decided by Judge Broderick of this
court (see *Lenegan v. Althouse,* No. 87-6820, 1988
U.S.Dist. Lexis 4959 (E.D.Pa. May 25, 1988)), the
defendants were charged with the pulling of
plaintiff's ear and hair and the smacking of the back
of plaintiff's head. In his opinion, Judge Broderick
stated:

While the extent of the injuries suffered by plaintiff is
not the sole determinant of the constitutionality of the
alleged touching, this court must determine whether
the injury arises above the "de minimis level of
imposition with which the constitution is not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                   Page 2
Not Reported in F.Supp., 1992 WL 75008 (E.D.Pa.)
**(Cite as: Not Reported in F.Supp.)**


concerned." *Ingraham v. Wright,* 430 U.S. 651, 97 S.Ct. 1401, 1414 (1977).

As Judge Broderick opined concerning the conduct of the defendants in the case before him: "While clearly inappropriate conduct by prison guards, [it] does not rise to the level of a constitutional violation." The same can be said of defendants' conduct in this case.

Finally, the conduct of defendant Vaughn is apparently based upon his position as supervisor, ultimately responsible for the operation of the prison. Of course, a state official cannot be held liable in a respondeat superior theory in actions brought under 42 U.S.C. § 1983 such as this one.

Based upon the foregoing, the following order is entered:


### *ORDER*

AND NOW, this 30th day of March, 1992, the motion for summary judgment filed by all the defendants is GRANTED, and judgment is entered in favor of the defendants Donald Vaughn, Timothy Sunderland and David Harsomchuck and against the plaintiff Tony Brown. This file may be marked CLOSED.

E.D.Pa.,1992.
Brown v. Vaughn
Not Reported in F.Supp., 1992 WL 75008 (E.D.Pa.)

Briefs and Other Related Documents (Back to top)

• 2:91cv02911 (Docket) (May. 08, 1991)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.