IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EMANUEL REDDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 05-241-GMS |
| v. | ) |
| | ) |
| CORRECTIONAL OFFICER DIEZ, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S REPLY BRIEF
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

DEPARTMENT OF JUSTICE
STATE OF DELAWARE

*/s/ Linda M. Carmichael*
Linda M. Carmichael (#3570)
Erika Y. Tross (#4506)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorneys for Defendant Lauro Diaz

Dated:  April 2, 2007

# **TABLE OF CONTENTS**

Table of Contents — i

Table of Citations …………………………………………………............... ii

Nature and Stage of the Proceedings ……………………………………… 1

Argument …………………………………………………………………….. 2

    I.    Redden Cannot Support A Claim For Cruel And Unusual Punishment Because He Cannot Prove That Officer Diaz Hit Him And He Cannot Prove That The Force Used, If Any, Was Malicious, Sadistic And Repugnant To The Conscience Of Mankind. — 3

    II.    Officer Diaz Is Immune From Liability For Plaintiff's Claims. — 5

Conclusion ……………………………………………………………………… 7

## TABLE OF CITATIONS

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ………………………………............   2
*Carter v. Exxon Company USA*,
    177 F.3d 197 (3d Cir. 1999) ……………………………............   2
*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) …………………………………………………..   2
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986) …………………………………………………..   3
*Will v. Michigan Dept. of State Police*,
    491 U.S. 58 (1989) ………………………………………….........   6

**Statutes, Rules and Other Authority**

Eighth Amendment of the U.S. Constitution ……………………………………….   5, 7
Eleventh Amendment of the U.S. Constitution …………………………………….   5
42 *U.S.C.* § 1983 ……………………………………………………………………   6
Federal Rule of Civil Procedure 56(c) ………………………………………...   2
Federal Rule of Civil Procedure 56(e) ………………………………………...   3

## NATURE AND STAGE OF THE PROCEEDINGS

On February 8, 2007, Defendant Correctional Officer Lauro Diaz ("Diaz" or "Defendant") filed a Motion for Summary Judgment (the "Motion") and an Opening Brief in Support of the Motion (the "Opening Brief"). (D.I. 20,21). Less than two weeks later, on February 20, 2007, Plaintiff Emmanuel Redden ("Redden" or "Plaintiff") filed Plaintiff's Response to Defendant's Motion for Summary Judgment (the "Answering Brief"). (D.I. 22). This is Defendant's Reply Brief in Support of the Motion for Summary Judgment.

## ARGUMENT

The standard of review on this motion for summary judgment is worthy of reiteration. Federal Rule 56(c) permits a Court to grant summary judgment, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The United States Supreme Court holds that a court must enter summary judgment, "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

To obtain summary judgment the moving party must demonstrate that he has met the standards of Rule 56(c). *Carter v. Exxon Company USA*, 177 F.3d 197, 202 (3d Cir. 1999). The summary judgment standard requires that "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (emphasis in original). Thus only disputes that affect the outcome of a lawsuit will properly preclude the grant of summary judgment. *Id.*

"At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. In deciding a motion for summary judgment, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252. To obtain summary judgment a moving party must

prove that there are no genuine issues of material fact in dispute. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.10-11 (1986). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. … [T]he moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 586-87 (quoting FED. R. CIV. P. 56(e)).

    **I.**    **Redden Cannot Support A Claim For Cruel And Unusual Punishment Because He Cannot Prove That Officer Diaz Hit Him And He Cannot Prove That The Force Used, If Any, Was Malicious, Sadistic And <u>Repugnant To The Consequences Of Mankind.</u>**

In this case, the Defendant provided affidavits, reports, and other documents clearly showing that he did not hit Redden. Even assuming *arguendo* that Defendant did hit Redden such an isolated incident did not violate Redden's constitutional rights.

    **A.**    **Redden cannot prove that Officer Diaz hit him.**

In response to the Defendant's overwhelming evidence, Plaintiff supplied no concrete evidence but merely alleged that the investigation of his grievance provides support for his claims. Plaintiff, however, misunderstands the results of his grievance.

On September 1, 2004, Redden filed a grievance alleging that he had been hit in the head by Officer Diaz. After filing his grievance, the grievance committee reviewed Redden's claims and felt that further investigation was necessary. The grievance was then appealed and Bureau Chief Howard upheld the grievance committee's finding that further investigation was required. Redden is under the misconception that Bureau Chief Howard upheld his grievance. This, however, is incorrect. Bureau Chief Howard only

3

upheld the grievance committee's finding to further investigate the incident. (*See* Opening Brief (hereinafter "Op. Br.") at Exhibit C).

Officer Diaz was questioned about Redden's claims and denied hitting Redden in the head. Moreover, although no formal decision was made on Redden's grievance, Officer Diaz never received any adverse punishment or demotion as a result of Redden's allegations. (*See* Op. Br. Exhibit A). Thus, Redden's grievance does not provide support for the allegations in his Complaint and Defendant's Motion for Summary Judgment ("Motion") should be granted.

As the Defendant asserted in his Opening Brief, he did not hit Redden. Moreover, aside from his unsupported allegations, Redden has no proof that Officer Diaz hit him. Redden testified in his deposition that he was not wearing his eyeglasses and the area in which he was playing cards when the "hit" occurred was dimly lit. (Op. Br. Exhibit B at 14:10-16; 27:7-15). He now appears to assert that only the light over the table was "dim" not the lighting in the aisle where Officer Diaz was allegedly standing. Plaintiff's Answering Brief at ¶ 3. This newly alleged lighting scenario only bolsters Defendant's case. If in fact the light was better in the aisle there should be a witness to Officer Diaz' "hit." Instead, Redden admits he never saw Officer Diaz hit him. (*Id.* at 28:4-7). Further, Redden admits in his deposition testimony that no one at the table where he was seated saw Officer Diaz hit him. (*Id.* at 18:24-19:2). As a result, Redden cannot prove that Officer Diaz hit him and violated his constitutional rights.

Even if Redden could prove that Officer Diaz hit him in the head, the isolated incident does not rise to the level of a constitutional violation. Any force used in this incident was minor. In fact, Redden never admits in the grievance that he filed shortly

after the alleged incident that the hit resulted in pain or injury. Rather, his sole purpose for grieving the incident was because Officer Diaz never apologized or acknowledged him.

### B. Redden cannot prove that the alleged hit was intentional and of a sort that is repugnant to the conscience of mankind.

Further Redden cannot show that Officer Diaz intended to cause him injury or harm. Nothing in the record indicates that Officer Diaz had any malevolent intent toward Redden. Moreover, Redden himself admits in his deposition that he first believed he was hit by accident. Redden only began to believe the hit was intentional after he turned around and saw that Officer Diaz supposedly had enough space to walk and after another inmate stated that Officer Diaz is racist. (*Id.* at 26:14-27:4). Thus Redden cannot prove that Officer Diaz had the requisite intent to cause him harm and he cannot support a claim for an Eighth Amendment violation.

The claims set forth in Redden's Complaint and Answering Brief are nothing more than unsupported allegations. Redden cannot prove that Officer Diaz hit him. Moreover Redden cannot prove that Officer Diaz had the requisite evil intent necessary to support a claim of an Eighth Amendment violation. Therefore there are no genuine issues as to any material facts and the Defendant is entitled to summary judgment.

## II. Officer Diaz Is Immune From Liability For Plaintiff's Claims.

### A. Officer Diaz is immune from liability in his official capacity pursuant to the Doctrine of Sovereign Immunity and the Eleventh Amendment.

Plaintiff's Answering Brief does not address Defendant's arguments related to immunity from liability based upon the doctrine of sovereign immunity. Defendant stands by his argument as set forth in his Opening Brief that Officer Diaz is not a

"person" for purposes of 42 U.S.C. § 1983 (*Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989)); consequently this Court lacks jurisdiction over Officer Diaz in his official capacity.  Plaintiff should be precluded from setting forth any arguments not raised in his answering brief.

      **B.**      **Officer Diaz is immune from liability in his individual capacity pursuant to the doctrine of qualified immunity.**

Plaintiff's Answering Brief does not address Defendant's arguments related to immunity from liability based upon the doctrine of qualified immunity.  Defendant stands by his argument as set forth in his Opening Brief that Officer Diaz is immune from liability in his official and individual capacities.  Plaintiff should be precluded from setting forth any arguments not raised in his answering brief.

## CONCLUSION

Officer Diaz did not hit Emanuel Redden.  Moreover, even if Redden was hit, the hit was not intentional and did not cause harm.  Therefore, no reasonable jury could find that Redden's Eighth Amendment rights were violated and Defendant's Motion for Summary Judgment should be granted.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Linda M. Carmichael*
Linda M. Carmichael (#3570)
Erika Y. Tross (#4506)
Deputy Attorneys General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400
Attorneys for Defendant Lauro Diaz

Dated:  April 2, 2007

# CERTIFICATE OF SERVICE

I, Linda M. Carmichael, Esq., hereby certify that on April 2, 2007, I caused a true and correct copy of the attached *Defendant's Reply Brief In Support Of His Motion For Summary Judgment* to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Emanuel Redden
SBI #00092507
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Linda M. Carmichael*
Linda M. Carmichael (#3570)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400