**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EMANUEL REDDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 05-241-GMS |
| v. ) | |
| ) | |
| CORRECTIONAL OFFICER DIEZ, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL [RE: D.I. 28]**

COMES NOW, Defendant Lauro Diaz ("Officer Diaz" or "Defendant"), by and through his undersigned counsel, and hereby responds in opposition (the "Response") to Plaintiff's Motion for Appointment of Counsel (the "Motion to Appoint") (D.I. 28). In support of the Response, Officer Diaz states as follows:

1.      Plaintiff Emanuel Redden ("Redden" or "Plaintiff") is an inmate presently incarcerated at Delaware Correctional Center ("DCC"). Redden is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.      On April 25, 2005, Redden filed a Complaint pursuant to 42 U.S.C. § 1983 against Officer Diaz, claiming, *inter alia*, that Officer Diaz violated his Eighth Amendment rights by allegedly hitting him one time on the back of the head. (D.I. 2).

3.      On May 16, 2006, Officer Diaz filed a timely answer to the Complaint. The Court entered a Scheduling Order shortly thereafter setting deadlines and the date for the close of discovery. (D.I. 16).

4. The parties completed discovery on January 19, 2007. Thereafter, in accordance with the Scheduling Order, Officer Diaz filed a Motion for Summary Judgment and Opening Brief in Support on February 8, 2007. (D.I. 20, 21). On February 20, 2007, Redden filed a timely brief in opposition to the Defendant's Motion for Summary Judgment. (D.I. 22).

5. On September 26, 2007, the Court entered a Memorandum Opinion and Order granting in part and denying in part Officer Diaz's Motion for Summary Judgment. (D.I. 26).

6. Less than one month after the Court's Opinion, Redden filed the Motion to Appoint requesting that the Court appoint counsel for him in the above-captioned matter. (D.I. 28, filed 10/12/2007). Redden did not file a certificate of service with the Motion to Appoint nor did he serve counsel for Officer Diaz with a copy of the Motion. Therefore, counsel for Defendant did not receive notice of the Motion until it was entered on the docket on October 17, 2007.

7. The Motion to Appoint provides only three reasons why Redden believes he needs counsel: (a) he is unable to afford counsel; (b) he is imprisoned with no physical access to the law library and limited knowledge of the law; and (c) trial in the case will involve conflicting testimony.

8. The facts of this case do not support the appointment of counsel for Redden. Therefore Officer Diaz requests that the Court deny Redden's Motion to Appoint.

9. The Third Circuit holds that *pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. *Parham v.*

*Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  Rather, the appointment of counsel is left within the court's discretion.  *Parham*, 126 F.3d at 457; *Tabron v. Grace*, 6 F.3d 147, 157-58 (3d Cir. 1993).  A court usually grants a request for appointment of counsel only "'upon a showing of special circumstances indicating a likelihood of substantial prejudice to [the litigant] resulting … from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case.'"  *Daniels v. Correctional Medical Services, Inc.*, 380 F.Supp.2d 379, 384 (D. Del. 2005) (quoting *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984)).

        10.     In determining whether to appoint counsel, a court must make a preliminary determination about the merits of a plaintiff's case.  *Parham*, 126 F.3d at 457.  If the court determines that the plaintiff's claims have some merit, then the court should consider several additional factors including:  (a) the plaintiff's ability to present his own case; (b) the complexity of the legal issues; (c) the degree to which factual investigation is necessary and the ability of the plaintiff to pursue such investigation; (d) the amount a case is likely to turn on credibility determinations; (e) the need for expert testimony; and (f) whether the plaintiff can attain and afford counsel on his own behalf.  *Id*.

        11.     In addition to considering the *Tabron* factors, "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases."  *Parham*, 126 F.3d at 458.  Considering all of the *Tabron* factors, Redden does not require appointed counsel.

        12.     First, Redden has demonstrated an ability to present his own case.  He has filed a Complaint and competently responded to Defendant's Discovery Requests.

(See D.I. 14). In addition, he filed a Response in Opposition to the Defendant's Motion for Summary Judgment which the Court granted in part. Thus Redden is clearly able to represent himself in this matter.

        13.    Second, the allegations of this Complaint are not so complex that representation by counsel is necessary. Redden claims that he was hit once on the back of the head by Officer Diaz in violation of the Eighth Amendment. Such legal issues are far from complex. Thus Redden does need an attorney to assist him in presenting his claims.

        14.    Finally, neither continued factual investigation nor expert testimony is necessary. The facts and events are within Redden's knowledge and control. Moreover, although Redden claims he has no physical access to the law library, he is permitted to use the law library's mailing system to ask questions and retrieve cases, rules and other information. Therefore, to the extent Redden needs legal assistance he is able to use DCC's law library.

        15.    Redden's Motion to Appoint fails to allege any special circumstances that require appointment of counsel. Therefore, in light of the *Tabron* factors and the facts of this case, Redden does not need or require the appointment of counsel and this Court should deny the Motion to Appoint.

WHEREFORE, Officer Diaz respectfully requests that this Honorable Court deny Plaintiff's Motion for Appointment of Counsel.

                                                **DEPARTMENT OF JUSTICE**
                                                **STATE OF DELAWARE**

                                                */s/ Erika Y. Tross*
                                                Erika Y. Tross (#4506)
                                                Deputy Attorney General
                                                820 N. French Street, 6th Floor
                                                Wilmington, DE  19801
                                                (302) 577-8400
                                                      Attorney for Defendant Lauro Diaz

Dated: October 23, 2007

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| EMANUEL REDDEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 05-241-GMS |
| v. ) | |
| ) | |
| CORRECTIONAL OFFICER DIEZ, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon the Plaintiff's Motion For Appointment Of Counsel (D.I. 28) and Defendant's Response In Opposition To Plaintiff's Motion For Appointment Of Counsel; and it appearing that good and sufficient notice of Plaintiff's Motion and Defendant's Response has been given; and after due deliberation thereon:

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Appointment Of Counsel is **DENIED**.

SO ORDERED this _____ day of _____, 2007.

_____
The Honorable Gregory M. Sleet
United States District Court Judge

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on October 23, 2007, I caused a true and correct copy of the attached ***Defendant's Response in Opposition to Plaintiff's Motion for Appointment of Counsel [Re: D.I. 28]*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Inmate Emanuel Redden
SBI #00092507
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

✓Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient

*/s/ Erika Y. Tross*
Erika Y. Tross (#4506)
Deputy Attorney General
Delaware Department of Justice
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400